

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-12-00058-CR**

**GLENELIUS SHIMON SEE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 2**
**Brazos County, Texas**
**Trial Court No. 09-03883-CRM-CCL2**

**MEMORANDUM OPINION**

Glenelius Shimon See was convicted of assault and sentenced to one year in jail. The sentence was suspended, and See was placed on community supervision. In one issue, See argues the evidence was insufficient to support the verdict because a rational juror could not have found beyond a reasonable doubt that See had not acted in self-defense. We affirm.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of a

sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties.

*Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Self-Defense*

The State bears a burden of persuasion, but not a burden of production in disproving evidence of self-defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). That is, the State need not produce evidence rebutting a self-defense claim; it must only prove its case beyond a reasonable doubt. *Id*. In resolving a sufficiency of the evidence issue, we look not to whether the State presented evidence which rebutted a defendant's self-defense testimony, but rather we determine whether after viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense, in this case assault, beyond a reasonable doubt and also could have found against appellant on the self-defense issue beyond a reasonable doubt. *Id*. at 914. A jury verdict of guilty is an implicit finding rejecting a defendant's self-defense claim. *Id*.

**TESTIMONY**

Chasity Proutt and See had a daughter together. Proutt and James, Proutt's boyfriend for many years, were to meet See's wife, Tashaura Gilbert, at a Whataburger in College Station to drop off Proutt's daughter for visitation with See. Proutt and James arrived first. When Gilbert arrived, See was also with her. See quickly exited the car and approached James. See was agitated and appeared to want to start an argument with James. See hit James in the face, knocking him down. James hit his head when he

went down.

Two disinterested witnesses inside Whataburger saw See strike James without physical provocation by James. Another disinterested witness inside Whataburger did not see the strike but saw James fall after See approached him and swung at him. None of the witnesses could hear what was said by See and James, but all three witnesses viewed See as the aggressor in the incident.

Proutt helped James up and into their car. They left but returned when they were told to do so after calling 9-1-1. Gilbert and See left the scene and could not be reached by police that day. James sustained bruising on his mouth and a cut over his eye as a result of the incident and James's subsequent fall.

**ARGUMENT**

See contends on appeal that the evidence is insufficient to support the jury's rejection of See's claim that he was acting in self-defense for various reasons. See argues that one disinterested witness's testimony was incredible because she said Proutt's daughter looked to be 1 or 2 years old at the time of the incident when she was actually 7 years old and because she said See continued to beat on James after he fell down when no one else said that had happened. See also argues that Gilbert's testimony that James had "disrespected" See earlier and had swung first at See was more worthy of belief.

Although there was some dispute about whether James swung at See first, there

was no dispute that See struck James in the face with his fist. The jury was free to resolve any conflicts in the testimony in favor of the prosecution. Further, the jury was free to disregard or discredit Gilbert's testimony.

**CONCLUSION**

After viewing the evidence in the light most favorable to the verdict, we have determined that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt and also could have found against See on his claim of self-defense beyond a reasonable doubt. See's sole issue is overruled and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 29, 2013
Do not publish
[CR25]